Opinion, by Ekwall, J. In accordance with stipulation of counsel the court, found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 50523.**—Protests 57729–K, etc., of Stalker Manufacturing Co. et al. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50524.**—Protest 63495–K of Stoeger Arms Corp. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50525.**—Protests 77046–K, etc., of Limited Editions Club, Inc., et al. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United S ates* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *J hn Barr* v. *United States*, 324 U. S. 83, decided

February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, SEPTEMBER 27, 1945

**No. 50526.**—Protest 118572–K (A) of Jean R. Graef, Inc. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation that the merchandise consists of calendars similar in all material respects to those the subject of *United States* v. *Thorens, Inc.* (32 C. C. P. A. 137, C. A. D. 298), the protest was sustained as claimed.

BEFORE THE THIRD DIVISION, SEPTEMBER 27, 1945

**No. 50527.**—Protests 93159–K, etc., of John Ambriola et al. (New York).

KEEFE, Judge: These cases involve the collector's reliquidation of entries covering certain cheese concerning which this court directed the collector to reliquidate as to various specified items upon the basis of the weigher's return of net weight, less 2½ percent for tare of nonedible coverings, and to make refund of all duties taken in excess. .The plaintiffs claim that the collector failed to follow the decision and judgment of this court in that the entries were reliquidated "no change," and a refund of duties was not made.

At the trial of these cases it was stipulated and agreed by and between counsel for the respective parties as follows:

\* \* \* that the protests enumerated above are directed against the reliquidation of the entries covered thereby "no change" and with no refund, despite the decision and judgment of this court on these same entries in *Santo Alioto & Sons, et al.* v. *United States*, Abstract 45155, Initial Protest No. 37876–K, wherein the court ordered:

\* \* \* that the protests in this case, covered by Schedule "A" hereto attached, and made a part hereof are sustained as to the items marked "A" on the invoices and checked with the initials of the examiner, and the collector will reliquidate the entries upon the basis of the weigher's return of net weight less 2½ per centum for tare of nonedible coverings. In all other respects the protests are overruled.

The reliquidation of the entries herein involved is similar in all respects to that in *Bel Paese Sales Co. Inc.* v. *United States*, C. D. 932, wherein the court sustained the protest claiming that the collector failed to follow the decision and judgment of the court and directed the collector to reliquidate the entry and make refund of all duty taken in excess.

It is further stipulated that the records and judgments in *Bel Paese Sales Co. Inc.* v. *United States*, C. D. 932 and in *Santo Alioto & Sons et al.* v. *United States*, Abstract 45155 be incorporated with the record in the protests enumerated above and the protests submitted on this stipulation.

Plaintiffs waive the right to first docket call and further amendment of these protests.